FILED

JUN 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MERZ,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant - Appellee. | No. 11-56656<br><br>D.C. No. 5:11-cv-00019-PA-DTB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Federal prisoner Robert Merz appeals pro se from the district court's

judgment dismissing his Federal Tort Claims Act ("FTCA") action alleging gross

negligence, medical negligence, wanton pain and suffering, and sexual harassment,

stemming from an alleged assault on him by his cellmate and the care and

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

treatment he received following the assault.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo dismissal for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  *Rivera v. United States*, 924 F.2d 948, 950 (9th Cir. 1991).  We affirm.

The district court properly dismissed for lack of subject matter jurisdiction Merz's claims based on the decision to place Merz in a cell with another inmate who subsequently attacked him, the manner and timing of the provision of his clothing, bedding, and toiletries, and the way he was transported back from a regional medical center, because the United States is immune from liability under the "discretionary function" exception to the FTCA.  28 U.S.C. § 2680(a); *Alfrey v. United States*, 276 F.3d 557, 565 (9th Cir. 2002) (a prison official's judgment concerning what steps to take in response to a threat involves the kind of discretion protected by the discretionary function exception); *see also Bailey v. United States*, 623 F.3d 855, 863 (9th Cir. 2010) (if a decision involves even two competing interests, it is "susceptible" to policy analysis and is thus protected by the discretionary function exception).

The district court properly dismissed Merz's remaining claims because Merz did not allege physical injury with respect to these claims, and Merz may not receive compensatory damages in tort for exclusively mental or emotional injuries.

2                                                              11-56656

*See* 28 U.S.C. § 1346(b)(2); 42 U.S.C. § 1997e(e).

The district court did not abuse its discretion by dismissing without leave to amend because amendment would have been futile. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (dismissal without leave to amend is not an abuse of discretion if amendment would be futile); *see also Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (liberal interpretation of a pro se complaint may not supply essential elements of a claim that were not pled).

Merz's allegations of judicial bias are unsupported by the record.

**AFFIRMED.**